## C. C. SLAUGHTER v. DE VITT & FLATO.

Decided December 6, 1902.

**Lease—Renewal—Parol Evidence.**

Where neither the order of the commissioners court authorizing the county judge to lease certain lands nor the lease itself gave to the lessee a right of renewal at the end of the term, parol evidence was not admissible to show an oral understanding when the lease was made that if the county received no offer for more than the lease price per annum the lessee was to have a renewal at that price for two years longer.

Appeal from Lubbock County.   Tried below before Hon. Jo A. P. Dickson.

*G. G. Wright* and *R. K. Craig,* for appellant.

*Cowan, Burney & Lee,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—The Commissioners Court of Maverick County passed and caused to be entered of record on November 9, 1897, the following order: "It is ordered by the court that J. A. Bonnett, county judge of Maverick County, be and is authorized and directed to lease said lands" (the lands in controversy) "for a period of three years, at a yearly rental of not less than two and one-fourth cents per acre per annum, said rental to be paid six months in advance."

Under this order J. A. Bonnett, county judge of Maverick County, on the 14th of December, 1897, entered into a written contract with D. M. De Vitt for the lease of the lands for a term of three years, ending December 1, 1900, at an annual rental of 2½ cents per acre, to be paid semiannually in advance.

The concluding clause of this contract was as follows:

"Seventh. The said party of the second part shall have the right to re-lease said land for a period of two years from the expiration of this lease, at such price per acre as the party of the first part may have received a bona fide offer of."

Upon the trial the appellee De Vitt was allowed to testify that "when he made the lease it was the understanding between him and Maverick County, if the county should have no offer for more than 2½ cents per acre per annum at the end of the three years, he was to have a renewal of the lease at that price." One of the appellant's objections was that

the contract of lease, as well as the order of the court, which was the authority for making the lease, being in writing, could not be added to, changed or altered by oral evidence.

We think this objection should have been sustained, because neither the order nor the written lease executed by authority thereof contained such a stipulation or agreement either in form or substance, and the rule violated is too well established in law, as well as in reason and justice, to permit written contracts and orders of a court to be altered or changed in any manner by evidence of the character given.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*